UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ENERGIZER BRANDS, LLC, )
 )
    Plaintiff, )
 )
v. ) No. 4:16-CV-00487-JAR
 )
EVERLAST WORLD'S BOXING )
HEADQUARTERS CORPORATION )
and EVERLAST WORLDWIDE, INC. )
 )
    Defendants. )

# MEMORANDUM AND ORDER OF REMAND

This matter is before the Court on Plaintiff's Motion to Remand (Doc. 13). The motion is fully briefed and ready for disposition. For the following reasons, the motion will be granted.

On March 7, 2016, Plaintiff filed this action in the Circuit Court for the County of St. Louis against Defendants Everlast World's Boxing Headquarters Corporation ("World's Boxing") and Everlast Worldwide, Inc. ("Worldwide"). Plaintiff alleges that Defendants breached a settlement agreement that resolved a previous trademark dispute between the parties. Specifically, Plaintiff asserts that Defendants breached the agreement by filing six trademark applications in various foreign jurisdictions (Doc. 1.1).

Plaintiff is a Delaware limited liability company, and its primary place of business is in Missouri (Doc 1.1 at ¶ 6). World's Boxing is a New York corporation with a principal place of business in New York (Id. at ¶ 7). Worldwide is a Delaware corporation, and its principal place of business is in New York (Id. at ¶ 8). Despite the shared citizenship between Plaintiff and Worldwide, see GMAC Comm. Credit LLC v. Dillard Dep't Stores, Inc., 357 F.3d 827, 828-29

(8th Cir. 2004) (discussing citizenship of corporate entities), on April 8, 2016, Defendants removed this action to this Court on the basis of diversity jurisdiction (Doc. 1).

In their notice of removal, Defendants argue that Plaintiff has fraudulently joined Worldwide in an attempt to defeat removal to federal court, and that Worldwide's citizenship is thus irrelevant to the determination of whether the Court has subject matter jurisdiction over this case (Id. at ¶ 12). In support of their fraudulent joinder argument, Defendants contend that Plaintiff has no possibility of recovering against Worldwide because World's Boxing—not Worldwide—is the sole owner of the trademark applications that allegedly breach the parties' settlement agreement (Id. at ¶¶ 15-17). Plaintiff moves to remand the case back to state court because complete diversity does not exist, asserting that it has stated a colorable breach-of-contract claim against both defendants (Docs. 13-14).

An action is removable to federal court if the claim originally could have been filed in federal court. 28 U.S.C. § 1441; In re Prempro, 591 F.3d 613, 619 (8th Cir. 2010). The defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence. Altimore v. Mount Mercy Coll., 420 F.3d 763, 768 (8th Cir. 2005). A case must be remanded if the district court lacks subject-matter jurisdiction. 28 U.S.C. § 1447(c); Fed. R. Civ. P. 12(h)(3). Any doubts about the propriety of removal are to be resolved in favor of remand. Wilkinson v. Shackelford, 478 F.3d 957, 963 (8th Cir. 2007).

Removal in this case was premised on diversity jurisdiction, which requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants. 28 U.S.C. § 1332(a). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007). Fraudulent joinder, a long recognized exception to the

complete diversity rule, occurs when a plaintiff files a frivolous or illegitimate claim against a non-diverse defendant solely to prevent removal to federal court. Prempro, 591 F.3d at 619-20. When determining whether a party has been fraudulently joined, courts must consider whether there is any reasonable basis—in fact or in law—to support a claim against the non-diverse defendant. Id. at 620. The relevant inquiry is whether the plaintiff might have a colorable claim under state law against a fellow resident. Wilkinson, 478 F.3d at 963.

There is no dispute that the amount in controversy exceeds $75,000. Likewise, the parties agree that Plaintiff's petition does not allege complete diversity between the parties. Nevertheless, Defendants argue this Court has diversity jurisdiction because the claim against Worldwide was fraudulently joined. The Court disagrees. Plaintiff's petition states a colorable claim of breach of contract against Worldwide: it alleges that Plaintiff entered into the settlement agreement with both World's Boxing and Wordwide, that World's Boxing and Worldwide both breached the agreement by filing prohibited trademark registrations for certain Everlast marks for batteries in various jurisdictions around the world, and that Plaintiff suffered damages as a result of the breach. See Keveny v. Missouri Military Academy, 304 S.W.3d 98, 104 (Mo. 2010) (en banc) (elements of breach-of-contract claim under Missouri law). Defendants have not met their burden of demonstrating diversity of citizenship as required by 28 U.S.C. § 1332. Therefore, this Court lacks subject matter jurisdiction over this case, and the case will be remanded to state court.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand (Doc. 13) is **GRANTED**.

**IT IS FURTHER ORDERED** that this matter is **REMANDED** to the Circuit Court for the County of St. Louis.

_____
**JOHN A. ROSS
UNITED STATES DISTRICT JUDGE**

Dated this 23nd day of June, 2016.